IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00395-ZLW

RAHEEM DAVIS,

   Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, et al.,
WARDEN DANIELS,
A/W HALLAND,
A/W MILUSNIC,
DR. ZONNO,
DR. CARTER,
H/A KALLAR,
UNIT MANAGER GOMAZ,
E. REICHERT (C.F.N.P.),
D.H.O. GIO RAMIREZ,
CASE MANAGER MILLER,
S.I.A. BROWN,
COUNSELOR J. O'NIEL,
LT. VAILPANDO,
LT. VIGIL,
LT. BANUELOS,
LT. LINCOLN, and
LT. WELLES,
(Individual Capacity, Official Capacity),

   Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Raheem Davis is a prisoner in the custody of the United States Bureau of Prisons ("BOP") who currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Davis filed *pro se* a motion titled "Motion to Reopen Case" on April 27, 2010. The Court must construe the motion liberally because Mr. Davis is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**,

935 F.2d 1106, 1110 (10th Cir. 1991). The April 27 motion will be construed as a motion to reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. ***See*** Fed. R. Civ. P. 59(e). The Court will consider Mr. Davis's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on April 20, 2010. ***See Van Skiver***, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. ***Van Cauwenberghe v. Biard***, 486 U.S. 517, 521-22 (1988); ***In re Durability, Inc.***, 893 F.2d 264, 265 (10th Cir. 1990). The instant motion was filed on April 27, well within twenty-eight days of the final judgment in this action. ***See*** Fed. R. Civ. P. 6(a). The motion, therefore, is properly filed as a motion to alter or amend the judgment pursuant to Rule 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. ***See Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate

where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

On March 15, 2010, Magistrate Judge Boyd N. Boland entered an order granting Mr. Davis leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. On April 20, the Court dismissed this action because Mr. Davis failed, within the time allowed, either to pay an initial partial filing fee of $4.00 or to show cause why he has no assets and no means to pay the initial partial filing fee by filing a current certified copy of his trust fund account statement, as required by Magistrate Judge Boland's March 15 order.

The $4.00 initial partial filing fee was not received by the Court until April 23, 2010, eight days after the initial partial filing fee was due and three days after the dismissal of this action. Prior to the due day, Mr. Davis did not request an extension of time in which to pay the initial partial filing fee. Mr. Davis contends that he only had an available balance in his inmate trust fund account of $1.44, but the account statement he submitted on March 11, 2010, showed that he had an account balance of $29.64. Therefore, Mr. Davis fails to provide a reason why he was unable, in a timely manner, either to pay the $4.00 initial partial filing fee or to show cause why he had no assets and no means by which to pay the designated initial partial filing fee as directed in the March 15 order.

The Court, therefore, concludes that Mr. Davis fails to demonstrate some reason why the Court should reconsider and vacate the April 20 dismissal order. Mr. Davis is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action.

Accordingly, it is

ORDERED that the a motion titled "Motion to Reopen Case" that Plaintiff, Raheem Davis, submitted *pro se* on April 27, 2010, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is DENIED. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  11th  day of  May , 2010.

BY THE COURT:

 s/Philip A. Brimmer 
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00395-ZLW

Raheem Davis
Reg No. 58146-054
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/12/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk